**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RAAMIE IBRAHIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 6:23-cv-02029-ACC-DCI |
| ) | |
| AXIOM BANK NATIONAL ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT AXIOM BANK, N.A.'s ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, AXIOM BANK NATIONAL ASSOCIATION'S ("Defendant"), by and through its undersigned attorneys, for its Answer and Defenses to Plaintiff RAAMIE IBRAHIM's ("Plaintiff") Complaint in this action (PACER Docket Entry No. 1; the "Complaint"), states as follows:

**THE PARTIES**

1. Defendant is without knowledge as to Plaintiff's current residence and therefore, denies that allegation. Defendant admits the remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant states Ross Breunig is its Chief Executive Officer ("CEO"). Defendant admits the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admits solely for jurisdictional purposes that this Court has jurisdiction over this matter. Defendant denies that it violated any law, rule or regulation or that Plaintiff is entitled to any relief whatsoever.

6. Defendant admits solely for jurisdictional purposes that this Court has personal jurisdiction over Defendant as Defendant is a national association banking institution headquartered and exclusively operating locations within the Middle District of Florida. Defendant denies that it engaged in any tortious acts or violated any laws. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

7. Defendant admits solely for jurisdictional purposes that venue is proper in the Middle District of Florida.

## FACTUAL ALLEGATIONS

A. **Mr. Ibrahim's Employment with Axiom Bank**

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations and inferences in Paragraph 9 of the Complaint.

**B. <u>Mr. Ibrahim Raises Concerns Related to Axiom Bank's Unlawful Practices</u>**

10. Defendant is without sufficient information or knowledge to form a belief as to the truthfulness of when and with which of Defendant's practices Mr. Ibrahim became uncomfortable, and therefore denies this allegation. Defendant states the remaining allegations in Paragraph 10 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations and inferences in Paragraph 11 of the Complaint.

12. Defendant denies the allegations and inferences in Paragraph 12 of the Complaint.

13. Defendant denies the allegations and inferences in Paragraph 13 of the Complaint.

14. Defendant denies the allegations and inferences in Paragraph 14 of the Complaint.

15. Defendant denies the allegations and inferences in Paragraph 15 of the Complaint.

16. Defendant denies the allegations and inferences in Paragraph 16 of the Complaint.

17. Defendant denies the allegations and inferences in Paragraph 17 of the Complaint.

### C. Axiom Bank Retaliates Against Mr. Ibrahim

18. Defendant denies the allegations and inferences contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations and inferences contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations and inferences contained in Paragraph 20 of the Complaint.

21. Defendant admits that Mr. Ibrahim did not present the Retail unit's strategic planning at the June 2023 Board meeting. Defendant denies the remaining allegations and inferences contained in Paragraph 21 of the Complaint.

22. Defendant admits it contracted with Zahid Afzal to serve as a consultant to Defendant in the absence of Defendant's former Chief Operations Officer, John Zazzera. Defendant denies the remaining allegations and inferences contained in Paragraph 22 of the Complaint.

23. Defendant is without sufficient information and knowledge to form a belief as to the truthfulness of the allegations contained in Paragraph 23 of the Complaint and, therefore denies the allegations and inferences contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations and inferences contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations and inferences contained in Paragraph 25 of the Complaint.

26. Defendant admits it separated Raamie Ibrahim, Paul Ciccotto, Wesley Ward and George Panos along with other employees as part of a reduction in force. Defendant denies the remaining allegations and inferences in Paragraph 26 of the Complaint.

27. Defendant denies the allegations and inferences contained in Paragraph 27 of the Complaint.

28. Defendant states that the allegations contained in Paragraph 28 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations and inferences contained in Paragraph 29 of the Complaint. Defendant further denies that Mr. Ibrahim is entitled to any relief or damages sought whatsoever.

**COUNT I – WHISTLEBLOWER COMPLAINT (12 U.S.C. § 1831(j))**

30. Defendant re-alleges and incorporates its responses to Paragraphs 1-29 of the Complaint as if set forth fully herein.

31. Defendant states that the allegations in Paragraph 31 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 31 of the Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff reported anything to the OCC and/or Federal Reserve and/or participated in such reports and, therefore, denies them. Defendant states that the remaining allegations in Paragraph 32 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the remaining allegations and inferences contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations and inferences contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations and inferences contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations and inferences contained in Paragraph 35 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief or damages sought whatsoever.

## PRAYER FOR RELIEF

Defendant denies the allegations in the WHEREFORE clause following Paragraph 35 of the Complaint, that Plaintiff can establish a violation of law, or that he is entitled to any of the relief requested.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendant denies the allegations set forth in the Complaint.

## STATEMENT OF DEFENSES

1. Plaintiff has not asserted any claim against any Defendant upon which relief may be granted as a matter of fact and/or law.

2. All actions taken with respect to Plaintiff's employment were based on legitimate, non-retaliatory reasons which are not pre-textual and are unrelated to any protected activity, if any.

3. Defendant made good faith efforts to prevent retaliation in the workplace, and thus cannot be liable for the decisions of its agents, to the extent the challenged employment decisions were contrary to its efforts to comply with anti-retaliation statutes.

4. Plaintiff's claim of whistleblower relation is barred on the grounds that, even if any decision concerning Plaintiff were based in part on any protected

activity, which they were not, Defendant would have reached the same decision, absent any consideration of such protected activity.

5. Plaintiff's claims are barred in that Defendant took all reasonable steps to prevent any harm to Plaintiff and promptly correct any purported unlawful conduct or practices in the workplace. To the extent Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to otherwise avoid harm. Defendant is not liable, and Plaintiff is barred from recovery.

6. Plaintiff cannot establish a retaliation claim because he cannot show his alleged adverse employment action, if any, was because he engaged in a protected activity or that the alleged protected activity was a contributing factor.

7. Plaintiff's claims or damages are barred or limited to the extent it is shown that Plaintiff engaged in misconduct prior to, during or in connection with his employment that otherwise would have resulted in his discharge if such conduct were known to Defendant.

8. As to Plaintiff's whistleblower retaliation claim, Plaintiff fails to state a claim upon which an award of attorney's fees can be granted. Plaintiff's claims for damages are subject to the limitations set forth in 12 U.S.C. § 1831j(c).

9. Plaintiff's whistleblower claim is barred, in whole or in part, by the doctrine of unclean hands, waiver, estoppel and/or ratification. Specifically, Plaintiff oversaw the alleged violations upon which his claims are based.

10. Plaintiff's whistleblower claim is barred because prior to the alleged protected activity, Plaintiff had submitted that Defendant was in compliance.

11. Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendant.

12. Plaintiff's claims for both liquidated and treble damages should be barred as they are unsupported by law.

13. At no time did Defendant violate any federal, state, or local law, rule, regulation, or guidance.

14. Plaintiff's retaliation claim is barred, in whole or in part, because Defendant did not know, or have reason to know, of Plaintiff's alleged protected activity, if any. As a result, the alleged protected activity cannot be causally connected to the elimination of Plaintiff's position.

15. Plaintiff's whistleblower claim fails because Plaintiff's alleged concerns did not constitute protected disclosures as they were of *de minimis* significance.

16. Plaintiff's claim is barred, in whole or in part, by Plaintiff's failure to mitigate the alleged damages.

17. Any damages Plaintiff suffered were not caused by or attributable to Defendant's act, practices or conduct, and were caused, in whole or in part, by Plaintiff's own conduct or that of third parties.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer, to add, amend, or modify its defenses, and to add claims, as necessary, after a reasonable opportunity for discovery.

WHEREFORE, Defendant respectfully requests that this Court (i) enter judgment in its favor and against Plaintiff and (ii) grant such other relief as the Court deems just and proper.

DATED this 2nd day of May, 2024.

|  | Respectfully submitted,<br><br>JACKSON LEWIS P.C.<br>390 North Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone:  (407) 246-8440<br>Facsimile:   (407) 246-8441<br><br>By:     */s/Amanda A. Simpson*<br>          Amanda A. Simpson<br>          Florida Bar No. 0072817<br>          amanda.simpson@jacksonlewis.com<br><br>          Jacqueline M. Gardner<br>          Florida Bar No. 1032521<br>          jacqueline.gardner@jacksonlewis.com<br><br>Attorneys for Defendant |

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 2nd day of May, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Courtney E. Walter, Esq., Ari Karen, Esq., Sean Harding, Esq., Mitchell Sandler LLC, 1120 20th Street, NW, Suite 725, Washington, D.C. 20036.

                                                        */s/Amanda A. Simpson*
                                                        Amanda A. Simpson

4893-6722-6811, v. 1