UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL CICCOTTO,

              Plaintiff,

v.                                                  Case No: 6:23-cv-2392-ACC-DCI

AXIOM BANK NATIONAL ASS'N,

              Defendant

---

WESLEY WARD,

              Plaintiff,

v.                                                  Case No: 6:23-cv-2372-ACC-DCI

AXIOM BANK NATIONAL ASS'N,

              Defendant

---

RAAMIE IBRAHIM,

              Plaintiff,

v.                                                  Case No: 6:23-cv-2029-ACC-DCI

AXIOM BANK NATIONAL ASS'N,

              Defendant

---

## ORDER

These causes are before the Court because Plaintiffs have each filed a Motion to Seal at the request of the Office of the Comptroller of the Currency (the OCC). Case Nos. 6:23-cv-2392-ACC-DCI at Doc. 66; 6:23-cv-2372-ACC-DCI at Doc. 68; and 6:23-cv-2029-ACC-DCI at Doc. 55 (the Motions). Plaintiffs state the OCC notified them that they made unauthorized disclosures of non-public OCC information in their respective Complaints in violation of 12 C.F.R. § 4.36(d)

*Id*.  As such, Plaintiffs contend that the OCC requested Plaintiffs to seek the Court's permission to seal the relevant information.  *Id*.  Plaintiffs state that they limit the information under seal by redacting certain sections that they identify as "only the potentially problematic paragraphs[.]" *Id*.  Plaintiffs have attached to the Motions counsel's declarations, copies of the OCC's July 11, 2024 letters regarding the disclosure, and redacted versions of the Complaints (the Redacted Complaints).  *Id*.[1]

Filing documents under seal with the Court is governed by Local Rule 1.11, which provides as follows:

> (b) MOTION TO SEAL. A motion to seal an item:
>
> (1) must include in the title 'Motion to Seal Under [Statute, Rule, or Order]' or, if no statute, rule, or order applies, 'Motion to Seal';
>
> (2) must describe the item;
>
> (3) must establish
>
>> (A) that filing the item is necessary,
>>
>> (B) that sealing the item is necessary, and
>>
>> (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;
>
> (4) must include a legal memorandum;
>
> (5) must propose a duration for the seal;

---

[1] The OCC letters to counsel state:

> The OCC requests that the parties immediately take steps to have the relevant portions of the complaints removed from the public docket. The parties may accomplish this by substituting the complaints with redacted versions for the public dockets, obscuring the non-public OCC information, and filing the unredacted versions under seal. Moreover, the parties should not make any additional disclosures of non-public OCC information absent written permission from the OCC.

*Id*.

(6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

(7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

(8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

Here, Plaintiffs assert that the redacted information is necessary to support their whistleblower claims and relates to Plaintiffs' "direct and indirect efforts to report possible violations of federal laws and regulations committed by Defendant Axiom Bank." Plaintiffs claim that the seal and redaction is necessary to protect the confidential information that they filed in potential contravention to the OCC's regulations governing disclosure of non-public OCC information as described in the OCC's letters. Plaintiffs also contend that their request is reasonably limited in scope to protect the public's right to access. Plaintiffs seek to limit the seal to a period of 90 days after the case is closed and all appeals are exhausted and list individuals authorized to retrieve the sealed information. Plaintiffs represent that Defendant does not oppose the relief.

Upon due consideration, the Motions are due to be granted. Plaintiffs have complied with Local Rule 1.11's requirements and have demonstrated an adequate reason for sealing the information. Absent an argument from Defendant to the contrary, the Court agrees that sealing the information in the manner Plaintiffs propose is warranted.

**I.     Conclusion**

Accordingly, it is **ORDERED** that:

1. Plaintiffs' Motions (Case Nos. 6:23-cv-2392-ACC-DCI at Doc. 66; 6:23-cv-2372-ACC-DCI at Doc. 68; and 6:23-cv-2029-ACC-DCI at Doc. 55) are **GRANTED**;

2. the Clerk shall place the Complaints under **SEAL** and file the Redacted Complaints (Case Nos. 6:23-cv-2392-ACC-DCI at Doc. 66-3; 6:23-cv-2372-ACC-DCI at Doc. 68-3; and 6:23-cv-2029-ACC-DCI at Doc. 55-3) as standalone docket entries; and

3. the Complaints shall remain under seal until the 90th day after the date this case is closed, and all appeals exhausted. *See* Local Rule 1.11(e).[2]

**ORDERED** in Orlando, Florida on August 12, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiffs request that the seal be limited to a period of 90 days after the case is closed and all appeals exhausted but request the right to seek future leave for a longer duration. *Id*. If Plaintiffs seek leave to extend the seal duration, they must file a motion at the appropriate time stating the basis for relief in accordance with Local Rule 3.01(a).