UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAAMIE IBRAHIM,

                    Plaintiff,

v.                                          Case No: 6:23-cv-2029-ACC-DCI

AXIOM BANK NATIONAL ASS'N,

                    Defendant

---

WESLEY WARD,

                    Plaintiff,

v.                                          Case No: 6:23-cv-2372-ACC-DCI

AXIOM BANK NATIONAL ASS'N,

                    Defendant

---

PAUL CICCOTTO,

                    Plaintiff,

v.                                          Case No: 6:23-cv-2392-ACC-DCI

AXIOM BANK NATIONAL ASS'N,

                    Defendant

---

ORDER

By Orders dated August 12, 2024, the Court granted Plaintiffs' Motions to seal and directed the Clerk to place the Complaints under seal and file the redacted Complaints as standalone docket entries. Case Nos. 6:23-cv- 2392-ACC-DCI at Doc. 67; 6:23-cv-2372-ACC-DCI at Doc. 69; and 6:23-cv-2029-ACC-DCI at Doc. 56. The Court ordered that the Complaints remain under seal

until the 90th day after the date this case is closed, and all appeals exhausted. *Id*., citing Local Rule 1.11(e). The respective cases have since been dismissed.

Pending before the Court are Plaintiffs' Unopposed Motions to Permanently Seal Portions of Plaintiffs' Complaints. Case Nos. 6:23-cv-2029-ACC-DCI at Doc. 62; 6:23-cv-2372-ACC-DCI at Doc. 77; and 6:23-cv- 2392-ACC-DCI at Doc. 74 (the Motions). Plaintiffs state that in July 2024, counsel received correspondence from the U.S. Office of the Comptroller of the Currency (OCC) requesting that Plaintiffs take immediate steps to request the redaction of the portions of the Complaint that OCC considered to be non-public OCC information. *Id*. Plaintiffs complied, moved for the Court to seal the information, and the Court entered the Orders regarding the temporary seal. *Id*.

Plaintiffs now state that there is a legitimate private and public reason to permanently seal the portions of the Complaint and allow the substitution of the redacted Complaint to remain in place in order ot remove the portions the OCC deems non-public. *Id*. Plaintiffs contend that "[p]ursuant to Local Rule 1.11(e), Plaintiff[s] ha[ve] ninety (90) days after the case has been closed and appeals have been exhausted to petition the Court to indefinitely seal the requested portions and allow the Redacted Complaint to remain in effect." *Id*.

Contrary to Plaintiff's reading, Local Rule 1.11(e) does not address a party's ability to "indefinitely" seal an item. Local Rule 1.11(e), instead, provides that "[t]o prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires." While the rule references relief related to the expiration of the seal, there is no mention that a permanent seal is available, and Plaintiffs cite to no law to support that interpretation. Plaintiffs provide no other rule or authority that permits a

court to seal an item indefinitely even if it is "only a few lines" as Plaintiffs assert. Overall, Plaintiffs cite no legal basis for the requested relief and, therefore, the Motions are due to be denied.

Accordingly, it is **ORDERED** that Plaintiffs' Motions (Case Nos. 6:23-cv-2029-ACC-DCI at Doc. 62; 6:23-cv-2372-ACC-DCI at Doc. 77; and 6:23-cv- 2392-ACC-DCI at Doc. 74) are **DENIED**.

**ORDERED** in Orlando, Florida on November 27, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties